EUDALDO BÁEZ GALIB y OTROS, peticionarios, *v.* COMISIÓN ESTATAL DE ELECCIONES y OTROS, demandados.

*Números:* MD-2000-8        *Resuelto:* 26 de octubre de 2000
MD-2000-9

*Eudaldo Báez Galib, pro se; Carlos Iván Gorrín Peralta, Denis Márquez Lebrón y José E. Torres Valentín, de Mangual Vélez, Martínez Agosto, Rodríguez Morales, Arroyo Rodríguez, Vega Rivera y Navarro Carrasquillo; Gustavo A. Gelpí, Procurador General; Rosa N. Russé García, Subprocuradora General; Carlos López Feliciano,* Comisionado Electoral del Partido Popular Democrático; *Pedro A. Delgado Hernández, de O'Neill & Borges,* abogado de la Comisión Estatal de Elecciones; *Gregorio Igartúa de la Rosa, amicus curiae.*

---

## RESOLUCIÓN

A tenor con la solicitud hecha por el Procurador General de Puerto Rico y la Comisión Estatal de Elecciones en estos casos, se decreta la consolidación del caso Núm. MD-2000-8, *Eudaldo Báez Galib v. Comisión Estatal de Elecciones y el Estado Libre Asociado de Puerto Rico*, con el caso Núm. MD-2000-9, *Damaris B. Mangual Vélez y otros v. Comisión Estatal de Elecciones y otros.*

En ambos recursos se invoca la jurisdicción original de esta Curia para que expidamos un auto de *mandamus* dirigido a la Comisión Estatal de Elecciones, su Presidente y los Comisionados Electorales de los respectivos partidos políticos de Puerto Rico, en el que les ordenamos a éstos a que, en cumplimiento de las disposiciones de la Constitución del Estado Libre Asociado de Puerto Rico, se abstengan de poner en vigor la Ley Núm. 403 de 10 de septiembre de 2000 (16 L.P.R.A. sec. 961 *et seq.*).

El 20 y 24 de octubre de 2000 ordenamos al señor Procurador General de Puerto Rico para que se expresara sobre los siguientes aspectos en estos casos: (a) procedencia del vehículo procesal de *mandamus* utilizado en éstos; (b) la jurisdicción de este Tribunal a la luz del caso de *Gregorio Igartúa de la Rosa, et. als., v. U.S. of America*, caso Núm. 00-2083, entonces pendiente ante la Corte de Estados Unidos para el Distrito de Puerto Rico, y (c) sobre cualquier otro asunto que se desee plantear por las partes. Igualmente, ordenamos el 20 de octubre de 2000 a la Comisión Estatal de Elecciones informar sobre el estado en que se encontraba la implementación de la Ley de Elecciones Presidenciales en Puerto Rico.

Dichas partes cumplieron oportunamente sometiendo los correspondientes escritos el 25 de octubre de 2000. A la luz de las alegaciones de las partes demandantes en estos casos, de las comparecencias del señor Procurador General de Puerto Rico y la Comisión Estatal de Elecciones, del

examen del mencionado estatuto, de lo resuelto por el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito en el caso Núm. 00–2189, de 16 de octubre de 2000, y la orden dictada por la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico que devolvió a la jurisdicción de los tribunales de Puerto Rico los casos civiles Núms. 00–21–77 (JP), 00–21–78 (JP) y 00–21–79 (JP), el Tribunal resuelve ejercer su jurisdicción original en los casos del epígrafe y, en consecuencia, al amparo de la facultad que nos concede la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, se concede al señor Procurador General de Puerto Rico, así como a las demás partes en estos casos, un término simultáneo a vencer el lunes 30 de octubre de 2000, a las 5:00 de la tarde para que presenten sus respectivos alegatos en torno a la constitucionalidad del mencionado estatuto, todo a la luz de las alegaciones de la parte demandante y las disposiciones antes mencionadas.

En auxilio de nuestra jurisdicción, como medida provisional, y hasta tanto otra cosa disponga este Tribunal, se ordena a la Comisión Estatal de Elecciones, su Presidente y Comisionados, demás funcionarios, empleados y agentes de dicha Comisión, abstenerse de seguir organizando, implementando y haciendo viable los procesos para la elección presidencial dispuesta por la citada Ley Núm. 403 de 10 de septiembre de 2000; por lo que se prohíbe desde la fecha de la notificación de la presente a las partes concernidas, el uso de los recursos, el equipo, la propiedad mueble o inmueble, los empleados y funcionarios adscritos a la Comisión Estatal de Elecciones, o la contratación de cualquier personal adicional, para poner en vigor la referida ley. Igualmente se prohíbe a la mencionada Comisión, Comisionados y las demás personas anteriormente mencionadas, contraer obligaciones económicas o hacer erogaciones de fondos públicos a los fines antes señalados. Las mencionadas prohibiciones no implican ni deben interpretarse en el sentido de permitir u ordenar la apertura o intervención

con los maletines ya sellados y guardados en bóveda bajo las estrictas medidas de seguridad ya tomadas por la Comisión Estatal de Elecciones.

*Notifíquese personalmente a los mencionados funcionarios, así como a su representación legal, inmediatamente por facsímil, teléfono y personalmente, en adición a la vía ordinaria. Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados Señores Corrada Del Río y Rivera Pérez disintieron por considerar que nuestra jurisdicción original es limitada, que no incluye el poder de entender, mediante un recurso de *mandamus*, lo que en efecto es una solicitud de sentencia declaratoria para declarar inconstitucional un estatuto. La importancia que pueda tener una cuestión para unos litigantes no debe conceder jurisdicción original a este Tribunal, cuando no la tiene. Respetar la ley que gobierna la función de este Tribunal es fundamental para la permanencia de un gobierno democrático.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*